# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND ZAYAS, | : |
|         Petitioner, | :   CIVIL ACTION |
| v. | : |
| | :   NO. 16-2481 |
| SUPERINTENDENT LUTHER, et al., | : |
|         Defendants. | : |

## ORDER

**AND NOW,** this 14th day of November, 2017, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, **IT IS HEREBY ORDERED** that:

1. Upon de novo review, petitioner's objections are **OVERRULED**;

2. The report and recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner Raymond Zayas brings this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. On August 28, 2017, United States Magistrate Judge Thomas J. Rueter issued a Report and Recommendation, recommending that the petition be dismissed. Petitioner filed Objections to the Report and Recommendation on September 11, 2017. For the following reasons, I will overrule the Objections, approve and adopt the Report and Recommendation, and dismiss the petition with prejudice without an evidentiary hearing.

    I will review de novo the portions of the Report and Recommendation to which petitioner objects and I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Petitioner makes several objections, which I will address in turn.

    At the outset, six of the seven objections lodged by petitioner concern his third claim for relief: ineffective assistance of PCRA counsel for failing to argue that the medical reports from Ohio that were referenced by Dr. McClogan were inadmissible under Crawford v. Washington, 541 U.S. 36 (2004). As Judge Rueter correctly held, a claim alleging PCRA counsel's ineffectiveness is not cognizable on habeas review. 28 U.S.C. §2254(i). Petitioner attempted to amend this allegation in his reply brief, asserting that PCRA counsel was ineffective for failing

to allege trial counsel ineffectiveness for failing to object to the admission of forensic reports from TriCounty Advocacy Center. The underlying claim alleging trial counsel ineffectiveness was unexhausted and procedurally defaulted. Judge Rueter liberally read the petitioner's reply brief as an invocation of the Martinez exception, asserting that the procedural default was caused by PCRA counsel's ineffectiveness in failing to assert this claim. Martinez v. Ryan, 566 U.S. 1 (2012). Judge Reuter concluded that petitioner failed to demonstrate that the underlying claim was "substantial." Therefore, petitioner was unable to overcome the procedural default. As discussed below, petitioner's objections to Judge Rueter's well-reasoned and thorough Report and Recommendation are overruled.

   First, petitioner argues that that the "R&R refers to the check that Petitioner believes was intercepted and endorsed by Nevelyn Vargas as an unemployment insurance check" but it was a check for workers' compensation benefits. (Pet.'s Written Objections to the Rep. & Rec. [hereinafter Objections]).  Petitioner does not explain how this had any impact on the outcome of his petition, and I am unable to come up with any scenario where this wording would somehow entitle petitioner to a grant of his habeas petition. Accordingly, this objection is overruled.

   Petitioner next objects to Judge Rueter's finding that trial counsel's alleged ineffectiveness for failing to object to Dr. McClogan's testimony was not "substantial" as required to excuse the procedural default under Martinez. Petitioner argues the claim is substantial because this testimony was inadmissible under Crawford. As stated in the Report and Recommendation, Dr. McClogan testified as a medical expert, basing her testimony on the children's medical records and transcripts from the forensic interviews. Dr. McClogan's reliance on medical records did not constitute "testimonial hearsay" under Crawford and did not violate the Confrontation Clause. The underlying claim alleging ineffective assistance of trial counsel is meritless and cannot excuse the procedural default under Martinez. Accordingly, this objection is overruled.

   Petitioner's third and fifth objections concern a related argument that the holding in Crawford was not limited to "prior testimony at a preliminary hearing, before a grand jury, or at a formal trial, and to police interrogation [sic]." Petitioner argues that Crawford includes forensic interviews and physical examinations that are conducted for use at a future trial, such as those conducted at TriCounty Advocacy Center. As stated in the Report and Recommendation, "the medical examinations were conducted by a nurse practitioner, not law enforcement officers . . . [t]he purpose of the medical examinations and interviews was 'not to create a record for trial and thus is not within the scope of the [Confrontation] clause.'" Accordingly, this objection is overruled.

   Next petitioner objects to Judge Rueter's reliance on Williams v. Illinois, 567 U.S. 50, 57 (2012), arguing that this is a plurality opinion. Even if it were improper for a court to rely on a plurality opinion, which it is not, the underlying claim alleging ineffective assistance of trial counsel is not "substantial," and petitioner is unable to demonstrate actual prejudice. Petitioner is, therefore, unable to overcome the procedural default. Accordingly, this objection is overruled.

   Petitioner's sixth objection concerns Judge Rueter's reliance on Ohio v. Clark, 135 S. Ct. 2173 (2015) for the proposition that "[s]tatements of very young children will rarely, if ever, implicate the Confrontation Clause." Petitioner argues that he does not take issue with the testimony of the victim at his trial because she was subject to cross-examination. Petitioner takes issue with the testimony of Dr. McClogan and the extent it relied on the allegedly testimonial statements of a nurse practitioner who was not available for cross-exanimation. For the reasons discussed above, the medical records from TriCounty Advocacy Center do not constitute

3. The petition for a writ of habeas corpus is **DISMISSED** with prejudice;

4. A certificate of appealability **WILL NOT ISSUE**; and

5. The Clerk is directed to mark this case **CLOSED**.

BY THE COURT:

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, C. J.

---

testimonial evidence. What is more, Judge Rueter's reliance on Ohio v. Clark provides further support for the admissibility of this evidence to the extent portions of these records contain statements by the victims. Accordingly, this objection is overruled.

Finally, petitioner objects to Judge Rueter's finding that he was not prejudiced. Petitioner argues that Dr. McClogan's testimony concerning the nurse practitioner's physical examination was the only physical evidence supporting the allegations. Whether the underlying claim alleging ineffective assistance of trial counsel is a "substantial claim" is a threshold issue. Bey v. Superintendent Greene SCI, 856 F. 3d 230, 238 (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Because petitioner failed to establish that this claim had merit, Petitioner was unable to overcome the procedural default and Judge Rueter declined to reach the prejudice prong of the analysis. Even if Judge Reuter had reached the prejudice prong, petitioner cannot demonstrate actual prejudice to overcome the procedural default. Contrary to petitioner's assertion that the nurse practitioner's findings were the "only physical evidence," the overwhelming evidence demonstrates petitioner's guilt and he is unable to establish prejudice as a result of the default. Accordingly, this objection is overruled.